No. 91-040

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

MACK FINANCIAL CORPORATION,

        Plaintiff and Respondent,

-vs-

JOSEPH A. TEZAK and MARJEAN TEZAK, d/b/a TEZAK
CONCRETE AND CONSTRUCTION,

        Defendants and Appellants.



APPEAL FROM:  District Court of the Fifth Judicial District,
In and for the County of Madison,
The Honorable Frank Davis, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Mark David Hoffman; Jones & Hoffman, Virginia City,
Montana

      For Respondent:

          Terry J. MacDonald and Paul C. Meismer; Garlington,
Lohn & Robinson, Missoula, Montana


Submitted on Briefs:  March 12, 1992

Decided:  June 29, 1992

Filed:

_____
Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from a jury trial and judgment of the Fifth Judicial District, Madison County. Mack Financial Corporation (Mack) filed a complaint against Joseph and Marjean Tezak and their construction company (hereinafter Tezak) for repossession, sale and a deficiency judgment on cement trucks Tezak was purchasing under a retail installment contract. Tezak counterclaimed that Mack fraudulently induced surrender of the trucks and then disposed of the trucks contrary to an agreement of the parties and contrary to the Uniform Commercial Code. The District Court denied Tezak's motion for summary judgment, allowing the issue of whether Tezak received reasonable notice of sale, as required under § 30-9-504 MCA, to go to the jury. The District Court further denied Tezak's request that the jury be instructed that Mack had violated the Uniform Commercial Code. The jury verdict was in favor of Mack. Tezak appeals and we affirm.

The issues for our review are:

I. Did the District Court err by denying Tezak's motion for summary judgment, on the issue of liability, for failure to give reasonable notice of sale of repossessed collateral in violation of § 30-9-504(3)(a), MCA?

II. Did the District Court err by failing to instruct the jury that Mack failed to give reasonable notice of the sale and that therefore the jury must consider damages including lost profits suffered by Tezak?

Tezak purchased, under separate installment contracts, two

2

cement trucks from Mack. Tezak experienced financial difficulties and the contracts were consolidated and repayment schedules were renegotiated on several occasions. Tezak's inability to keep his payments up to date finally culminated in Mack filing this action. There is no dispute that Tezak was delinquent in payment of the agreement and that the trucks themselves were collateral for the agreement.

After the action was filed, Tezak indicated to Mack that he was considering challenging service of process and form of the summons. Immediately preceding a show cause hearing, set for April 19, 1983, the attorneys for the parties discussed the service problem and made an agreement. Under the agreement, Tezak was to deliver the trucks and voluntarily submit to jurisdiction. Mack agreed to provide Tezak 10 day notice of any sale of the cement trucks. A stipulation was drafted by Mack's attorney and forwarded to Tezak. The stipulation included only the terms of voluntary appearance in the action and delivery of the trucks but failed to mention the portion of the agreement relating to notice of sale. The stipulation was never executed or filed.

On or about May 4, 1983, Tezak received notice from Mack, dated April 28, 1983, that the trucks would be sold on or after May 12, 1983 at private sale. Tezak contacted Mack's attorney at that time, Gary Walton (Walton). There is a factual dispute regarding what ensued. Tezak contends Walton told him that he should "ignore and disregard" the notice. Mack contends that the instruction to ignore or disregard was conditioned upon execution of the

3

stipulated agreement.

On June 23, 1983, Tezak received a second 10 day notice of private sale, this time from Walton. However, the trucks had actually been sold on June 15th and 18th, 1983, respectively. Tezak contends that because the April 28, 1983 notice was void and the June 23, 1983 notice came after the trucks were actually sold, Mack failed to provide reasonable notice of sale as required by law. At trial, at the close of testimony, Tezak moved for summary judgment, alleging there existed no factual dispute regarding Mack's failure to provide notice prior to sale. Although Tezak referred to his motion as one for summary judgment, it was actually a motion for a directed verdict and we treat it as such.

Section 25-7-302, MCA, provides:

> Where, upon the trial of an issue by a jury, the case presents only questions of law, the judge may direct the jury to render a verdict in favor of the party entitled thereto.

The test commonly employed to determine if the evidence is legally sufficient to withdraw cases and issues from the jury is whether reasonable men could draw different conclusions from all the evidence. If only one conclusion is reasonably proper, then the directed verdict is proper. Cremer v. Cremer Rodeo Land and Livestock Co. (1979), 181 Mont. 87, 592 P.2d 485. Evidence introduced by the plaintiff Mack, will be considered in a light most favorable to plaintiff and as proving whatever it tends to prove. Cremer 181 Mont. at 91.

Section 30-9-504, MCA, provides in part:

> **Secured party's right to dispose of collateral after**

4

**default -- effect of disposition.**
(3) (a) ... Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, <u>reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor if he has not signed after default a statement renouncing or modifying his right to notification of sale.</u> [Emphasis added ]

Section 30-9-504, MCA, clearly requires that a secured party must provide the debtor reasonable notification of the time after which repossessed collateral will be privately sold. Mack contends that the April 28, 1983 notice does provide adequate notice of private sale in conformity with the statute.

The dispositive issue for our review is whether or not Walton's instruction to Tezak, to disregard the April 28, 1983 notice, was conditioned upon execution of the stipulated agreement. In other words, if Walton's instructions to disregard were conditioned upon execution of the stipulated agreement, Tezak's failure to execute the stipulation precludes him from disregarding the April 28, 1983 notice. If, however, the instruction was unconditional, Tezak properly disregarded the April 28, 1983 notice, and was entitled to re-notice. The June 23, 1983 notice was not provided prior to sale of the trucks and therefore would not fulfill the mandate of § 30-9-504, MCA.

Tezak testified that he was instructed by Walton to disregard the April 28, 1983 notice without any reference to the imposition of any conditions. Attorney Walton also appeared as a witness at the trial. We note the following excerpt from his testimony:

5

Q. What did you discuss with Mr. Tezak in regard to that notice?

A. I told Mr. Tezak that as far as I was concerned, he should-- I don't know if I used the word ignore but I told him that he should disregard that notice of private sale. And I did so with the understanding that Mr. Gilbert (Tezak's attorney) was going to execute the stipulation that had already been sent to him.

Q. So it was your understanding that if Mr. Gilbert signed the stipulation and filed it, you would be willing to renotice the sale?

A. Right.
Transcript of Proceedings, Volume IV, page 13.

On cross examination, Walton was asked and provided:

Q. ... is it your position that the April 28 notice was invalid in light of your instruction to Joe Tezak to ignore it?

A. Well, I think it depends on whether they had followed through with the stipulation in June, which they did not.
Transcript of Proceedings, Volume IV, page 25.

We conclude that reasonable men could draw different conclusions from the above evidence and inferences therefrom. There remains a factual issue regarding whether or not the instruction to disregard was conditional. A directed verdict is appropriate when there only remain questions of law. Section 25-7-302, MCA. We further conclude that the April 28, 1983 notice, standing alone, provides reasonable notice of sale within the meaning of § 30-9-504, MCA. The District Court was not in error for submitting the case to the jury for resolution. Furthermore, the District Court did not err by refusing to give an instruction that required the jury to find that Mack had failed to give reasonable notice. In light of the jury verdict in favor of Mack,

6

we need not address the issue of damages raised by Tezak.  The District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

7

Justice Terry N. Trieweiler dissenting.

I dissent from the opinion of the majority.

In the event that collateral is sold at a private sale, § 30-9-504, MCA, requires reasonable notification of the time after which the private sale will be conducted.

In this case, notice was given that a private sale would be conducted sometime after May 12, 1983. However, the attorney for the party which issued the notice advised the debtor to disregard it. Therefore, the notice was void and no subsequent notice was provided prior to the sale of the collateral.

The majority concludes that a jury could find that the attorney's advice to disregard the notice was conditioned upon the execution of a stipulation by the debtor's attorney. However, there was no such testimony by the creditor's attorney. He testified that "I told him he should disregard that notice of private sale." He also testified that he gave that advice "with the understanding that Mr. Gilbert [Tezak's attorney] was going to execute the stipulation." However, there is no indication in either Walton's testimony or Tezak's testimony that Walton's understanding was communicated to Tezak. Tezak gave the following testimony:

A.    And he told me to disregard that notice. He said, "don't pay any attention to it. It should not have been sent to you. Just disregard it." He said that our deal was, nothing has changed. We went through this private sale and auctions all over again, went through it all over again.

8

He said, "that's the way it will be. And any documentation you get from Mack Finance, just ignore it. This is between us." So I did ignore it. And I came home and called Mr. Gilbert and told him that I guess it was sent in error. I just forgot about it.

Tezak's recollection was consistent with Walton's testimony to the effect that he felt that any notice should have come from him. During cross-examination he testified as follows:

Q. And after Joe Tezak talked to you about that notice, is it true that you told him to ignore or disregard, or something to that effect, the notice itself?

A. That's right. I felt that the notice should come from our office.

The majority's conclusion that Walton conditioned waiver of the notice upon execution of a stipulation is not only unsupported by the direct testimony, it is inconsistent with Walton's subsequent actions. On June 20, 1983, he sent a letter to Joseph Tezak in which he affirmatively advised Tezak that he had until July 1, 1983, in which to redeem his collateral. The letter stated:

You have not less than ten (10) days from the date of this notice of private sale and until July 1, 1983, in which to redeem the collateral by paying the balance and costs in full. If full payment is not received by that date, you are hereby notified that Mack Financial Corporation will offer the collateral for sale at a private sale to be held on or after July 1, 1983.

If Walton intended the previous waiver of notice to be conditioned on execution of a stipulation which had never been executed, why was it necessary to send an additional notice? And

9

why did he affirmatively represent that Tezak had until July 1 by which to redeem his collateral? Why is Tezak being bound by a notice which even the creditor's attorney did not consider effective?

The fact is that the creditor's attorney represented one thing to the debtor and unbeknownst to him, the creditor was doing something else. These facts, and this Court's holding, comply with neither the spirit nor the letter of the statutory notice requirements in the Uniform Commercial Code.

Under these circumstances, the defendant was entitled to a directed verdict on the issue of whether he had received adequate notice pursuant to § 30-9-504, MCA.

It should be noted that the plaintiff waived its right to recover a substantial deficiency prior to the trial in this case. Whether, under § 30-9-507, MCA, defendant was entitled to damages over and above the value of that deficiency has not been decided by the majority opinion and I, therefore, express no opinion on that issue.

I would reverse the District Court's order denying defendant's motion for a directed verdict on the issue of liability. I express no opinion whether under these circumstances, plaintiff would have been entitled to an award of damages.

_____
Justice